## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGEL M. ARMSTRONG,            ) | |
|                                   ) | |
|            Plaintiff,           ) | |
|                                   ) | |
| vs.                                     ) | Case No. CIV-12-1322-M |
|                                   ) | |
| GEMINI MOTOR TRANSPORT, LP,    ) | |
|                                   ) | |
|            Defendant.        ) | |

## **ORDER**

Before the Court is defendant's Motion for Leave to Amend Answer, filed July 16, 2013. On August 5, 2013, plaintiff filed her response, and on August 12, 2013, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Defendant moves for leave to amend its answer to include the affirmative defense of "after-acquired evidence." In its motion, defendant states that counsel for defendant did not receive a complete set of plaintiff's medical records until approximately July 8, 2013. Defendant asserts that it had no knowledge and had no way of obtaining any knowledge of the relevant facts that form the basis for the proposed amendment until plaintiff produced her medical records. Defendant further asserts that the proposed amendment is not unduly prejudicial to plaintiff and does not significantly change or alter defendant's theory that plaintiff was not terminated because of her disability.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies

by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter,[1] the moving party must show good cause for allowing the amendment out of time. *See* Fed. R. Civ. P. 16(b)(4); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

> Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendant has shown "good cause" for allowing the amendment out of time. Specifically, the Court finds that defendant was diligent and there was no way that defendant could have met the deadline for amending pleadings. Defendant did not obtain any information regarding the basis for its proposed amendment

---

[1] The deadline to file a motion to amend/motion to join additional parties was April 4, 2013.

until July 8, 2013, three days before plaintiff's deposition, eight days prior to filing its motion for leave to amend, and three months after the deadline for amending pleadings.[2] The Court further finds that defendant should be granted leave to file its amended answer. Specifically, the Court finds no undue delay, no undue prejudice to plaintiff, no bad faith or dilatory motive on the part of defendant, no failure to cure deficiencies by amendments previously allowed, and no futility of amendment.

In her response, plaintiff contends that altering the deadline to amend pleadings to allow defendant to file its amended answer should apply mutually such that plaintiff should be allowed to file her amended complaint. Plaintiff asserts that it would be unfair to plaintiff for defendant to be allowed to amend its answer after the deadline when the Court denied plaintiff's request to amend her complaint after the deadline. The Court finds no such unfairness would arise if defendant is granted leave to file an amended answer. Defendant diligently and quickly moved this Court for leave to amend its answer within days of discovering the information in plaintiff's medical records; plaintiff, as the Court has previously held, was not so diligent. Plaintiff should not be allowed to do what this Court has previously denied her leave to do based upon defendant's diligence and need to amend its answer.

---

[2]The Court would note that this is in direct contrast to plaintiff when she sought leave to amend. Plaintiff had received sufficient information through discovery prior to the deadline for filing a motion to amend to file her motion to amend or, at the very least, had sufficient information to file a motion for an extension of time to file her motion to amend to allow her to conduct any appropriate investigation as to the merits of the issue.

Accordingly, the Court GRANTS defendant's Motion for Leave to Amend Answer [docket no. 20]. Defendant shall file its amended answer within seven (7) days of the date of this Order.

**IT IS SO ORDERED this 20th day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE